## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Donia Robinson, | Civil No. 12-1473 (PAM/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| KBDC Investments, LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

The Complaint alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by failing to pay overtime wages and for firing Plaintiff in retaliation for her complaints regarding the non-payment of overtime wages.

In October 2012, Defendants served Plaintiff with a Rule 68 Offer of Judgment, which offered Plaintiff $1.02 and the payment of "reasonable and necessary attorneys' fees for prosecuting Count III as determined to be reasonable by the Court." (Docket No. 10-1 at 1.) Count III relates to the non-payment of overtime.[1] (Docket No. 1 at 6.) The Offer reflected "the amount underpaid to Plaintiff by Defendant KDBC while Plaintiff was employed by Defendant." (Docket No. 10-1 at 1.) Plaintiff accepted the Offer of Judgment

---

[1] The Offer of Judgment did not encompass the other two counts in the Complaint, which allege retaliation in violation of federal and Minnesota law. (Docket No. 1 at 5-6.) The parties later settled the retaliation counts. (Docket No. 24.)

(Docket No. 10-2), and the Court entered an Order for Judgment (Docket No. 11). Plaintiff then filed this Motion for Attorney's Fees, and Defendants have objected. Defendants argues that Plaintiff is not entitled to any fees associated with her overtime claim, because the fees requested are excessive and because she did not prevail on that claim.

**DISCUSSION**

The FLSA provides that an employee who receives a judgment in her favor may be awarded "reasonable attorney's fees, to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Defendants argue that Plaintiff is not entitled to attorney's fees relating to Count III, because she did not prevail on that claim. See Hensley v. Eckhart, 461 U.S. 424, 436 (1983) (holding that a litigant's success is an important factor in a court's determination as to whether attorney's fee awards pursuant to statute are appropriate). Although the Court agrees that Plaintiff did not prevail on Count III and would not be entitled to any fees under the FLSA, Defendant's Offer of Judgment expressly agrees to pay Plaintiff reasonable attorney's fees incurred in prosecuting Count III. Thus, the Offer of Judgment governs here, not the FLSA.

The amount of fees sought by Plaintiff, however, is unreasonable. Plaintiff seeks $8,574.00 in attorney's fees and states that this amount fairly represents the fees incurred in prosecuting Count III. Plaintiff's counsel asserts that he has "attempted a meaningful division of attorney hours expended between Plaintiff's Count III, and Plaintiff's Count I and II." But counsel's supporting affidavit does nothing to distinguish time spent on Count III and the other two counts. (See Leland Decl. Ex. A (Docket No. 17-1).) The Court is mindful

2

that it is often difficult to parse time spent on discrete aspects of a case. But it appears that Plaintiff made no real attempt to do so here. The line items submitted by Plaintiff's counsel do not provide sufficient detail for the Court to determine what time counsel spent investigating and ultimately prosecuting Count III. (See id.) The Court therefore will award Plaintiff one-third of her requested fees ($2,858.00), which represents one-third of Plaintiff's claims against Defendants.

**CONCLUSION**

Under the parties' agreement, Plaintiff is entitled to an award of attorney's fees in the amount of $2,858.00.

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Plaintiff's Motion for Attorney's Fees (Docket No. 14) is **GRANTED in part** and **DENIED in part**; and

2.      Defendants shall pay Plaintiff's attorney's fees as set forth above.


Dated: March 20, 2013

                                                            *s/ Paul A. Magnuson*
                                                            Paul A. Magnuson
                                                            United States District Court Judge